Dear Director Conyers,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Given the recent amendments to 2 O.S. Supp. 2002, § 2-30, which provides for the Oklahoma Agriculture Mediation Program, and the enactment of 70 O.S. Supp. 2002, § 3430, which authorizes the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges to establish an Institute for Issue Management and Alternative Dispute Resolution, which incorporates the Oklahoma Agricultural Mediation Program into that Institute's operation and activities, is the Oklahoma Agriculture Mediation Program still required to have its programs certified under the Dispute Resolution Act, 12 O.S. 2001, §§ 1801[12-1801] — 1813, or do the recently enacted provisions of 70 O.S. Supp. 2002, § 3430[70-3430] and the recent amendment to 2 O.S. Supp. 2002, § 2-30[2-2-30] act as legislative certification of the programs offered by the Oklahoma Agriculture Mediation Program?
¶ 1 Prior to its amendment, 2 O.S. 2001, § 2-30[2-2-30], which authorized the Oklahoma Agriculture Mediation Program to provide mediation services, in pertinent part read:
 A. The Oklahoma Agriculture Mediation Program is
authorized to provide mediation services pursuant to the Dispute Resolution Act for all types of agricultural and rural living issues for which other state-authorized mediation services are not available.
Id. (emphasis added).
¶ 2 Section 2-30(A), as amended in 2002 Okla. Sess. Laws ch. 60, § 2(A), now reads:
 The Oklahoma Agriculture Mediation Program under the direction of the Institute for Issue Management and Alternative Dispute Resolution established as provided for in Section 1 of this act, is authorized to provide mediation services pursuant to the Dispute Resolution Act for all types of agricultural and rural living issues for which other state-authorized mediation services are not available.
2 O.S. Supp. 2002, § 2-30[2-2-30] (emphasis added).
¶ 3 Although the recent change in the statute places the Oklahoma Agriculture Mediation Program under the direction of the newly authorized Institute for Issue Management and Alternative Dispute Resolution, the program is still authorized to provide services "pursuant to the Dispute Resolution Act." Id.
(emphasis added).
¶ 4 Under the Dispute Resolution Act ("Act"), 12 O.S. 2001, §§1801[12-1801] — 1813, "[a]ny county, municipality, accredited law school or agency of this state is hereby authorized to establish programs for the purpose of providing mediation services pursuant to the provisions of the Dispute Resolution Act, to be administered and supervised under the direction of the Administrative Director of the Courts." Id. § 1803(A) (emphasis added) (footnote omitted). Further, under the Act, the Administrative Director of the Courts is required to "promulgate rules and regulations, subject to the approval of the Supreme Court of the State of Oklahoma, to effectuate the purpose of the Dispute Resolution Act." Id. (footnote omitted).
¶ 5 Rule 3 of the Rules and Procedures for the Dispute Resolution Act, 12 O.S. 2001, ch. 37, app., R. 1-15, establishes the procedure for application and certification of programs authorized under the Act. Eligible entities seeking certification of a program "may apply to the Director [the Administrative Director of the Courts] by submitting an application on prescribed forms provided by the Director." Id.
ch. 37, app., R.3(A)." [T]he Director, with the recommendations of the Advisory Board," established under the provisions of 12 O.S. 2001, § 1801.1[12-1801.1], then accepts or rejects the programs for certification under the Act. Id. R.3(C).
¶ 6 Under subsection D of Rule 3, "[e]ach program establishedshall be operated pursuant to a written contract with theDirector, to ensure stability and continuity of the Alternative Dispute Resolution System Plan." Id. (emphasis added). Further, under that same subsection, "[a] dispute mediation program shall not contract with the Director nor be eligible for certification or funding unless it complies with the provisions of the Act and the Oklahoma Rules and Procedures for the Dispute Resolution Act promulgated by the Director." Id.
¶ 7 Because the amended language of Section 2-30 of Title 2 states that the Oklahoma Agriculture Mediation Program is to provide mediation services under the direction of the Institute for Issue Management and Alternative Dispute Resolution, "pursuant to the Dispute Resolution Act," (id. § 2-30(A)) the Oklahoma Agriculture Mediation Program must comply with the provisions of the Dispute Resolution Act and the rules promulgated by the Administrative Director of the Courts in compliance with that Act. 12 O.S. 2001, § 1803[12-1803](A) (emphasis added). Those rules, as demonstrated above, require certification of the Agriculture Mediation Program by the Administrative Director of the Courts. Id. at ch. 37, app., R. 3(C). Nothing in the language of 70 O.S. Supp. 2002, § 3430[70-3430], enacted at 2002 Okla. Sess. Laws ch. 60, § 1, (the same chapter in which amendments to 2 O.S. 2001, § 2-30[2-2-30] were made) changes this result. Subsection C of Section 3430 simply incorporates the Oklahoma Agriculture Mediation Program into the Institute for Issue Management and Alternative Dispute Resolution, and transfers all assets, authorities, certifications and funding for the Oklahoma Agriculture Mediation Program to the Institute:
 C. The operation and activities of the Oklahoma Agriculture Mediation Program (OAMP) shall be incorporated into the operation and activities of the Institute. The Institute shall continue the OAMP and the services and activities currently provided by the OAMP and is authorized to further develop and enhance such services and activities. All assets, authorities, certifications, and funding of the OAMP shall be transferred to and incorporated into the Institute.
Id. (emphasis added).
¶ 8 These transfers are not automatic certifications of any program the Oklahoma Agriculture Mediation Program wishes to provide; they simply transfer existing certifications, authorities and funding. As we have seen, any program presented by the Oklahoma Agriculture Mediation Program must be provided in accordance with the Oklahoma Dispute Resolution Act and must be certified under that Act.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Agriculture Mediation Program authorized under the provisions of 2 O.S. Supp. 2002, § 2-30[2-2-30], which by recent amendments to that provision and the enactment of 70 O.S. Supp. 2002, § 3430[70-3430] is incorporated into the Institute for Issue Management and Alternative Dispute Resolution under the provisions of the Oklahoma Dispute Resolution Act, 12 O.S. 2001, §§ 1801-1813[12-1801-1813] and the rules promulgated thereunder by the Administrative Director of the Courts, must apply for and receive certification from the Administrative Director of the Courts for each program it offers.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 NEAL LEADER Senior Assistant Attorney General